IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES GREER #582777, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-00726 |
| ) | |
| TENNESSEE DEPARTMENT ) | |
| OF CORRECTION, et al., ) | JUDGE TRAUGER |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

James Greer, an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee, has been granted leave to proceed in forma pauperis (Doc. No. 6) and has now filed an amended complaint (Doc. No. 7), which is before the court for review pursuant to 28 U.S.C. § 1915(e)(2). That statute requires the court to conduct an initial review of any complaint filed in forma pauperis and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### I. INITIAL REVIEW

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983.  Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).  Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff alleges that he has been on medication for gastritis for approximately 35 years and has a history of a bleeding gastric ulcer. (Doc. No. 7 at 18.)  But in July 2020, a nurse at the Bledsoe County Correctional Complex informed him that the administration of his medication pursuant to prescription had been stopped for all inmates and that he would have to purchase his medication from the commissary. (Doc. No. 7 at 2.)  The plaintiff is indigent and has been unable to purchase anything from the commissary for some time, but he was informed that there is no exception to the new policy for necessity or indigence. (*Id.* at 2,18.)  The plaintiff went on sick call and emergency sick call several times for acute abdominal pain and was still denied his medication. (*Id.* at 2–3.)  The pain and inability to eat due to his chronic, now-untreated condition led him to lose seven pounds in three weeks. (*Id.* at 3.)  At a gastroenterology consult in August 2020, a specialist recommended restarting the plaintiff's medication at a higher dose. (*Id.*)  But Dr. Ernest Jones, the staff physician at the prison, ignored the recommendation to

restart medication and ordered a second consult instead. (*Id.*) The second specialist agreed with the first recommendation and wrote orders for the medications. (*Id.* at 3–4.) But those orders, too, were "over-ruled by pharmacy." (*Id.* at 4.) At some point between his initiating this action and completing his amended complaint, the plaintiff's medication was briefly restarted "then abruptly cancelled again." (*Id.*) The plaintiff alleges that he has experienced "pain, suffering and indigestion and indignation" as a result of the policy that deprives him of his medication and suggests that a result of his time without medication is "continued gastritis and now esophagitis probably due to permanent injury to [his] 73 year old stomach after the abrupt discontinuation of the appropriate medication." (*Id.* at 4, 11.)

As defendants, the plaintiff names Tennessee Department of Correction (TDOC) Director of Clinical Services Dr. Kenneth Williams, TDOC Commissioner Tony Parker, prison staff physician Dr. Ernest Jones, and the Bledsoe Clinical Pharmacy. (Doc. No. 7 at 5–6.) He alleges that Defendants Williams and Parker are responsible for the TDOC policy change that resulted in withholding his medications and that Dr. Jones and the pharmacy are directly responsible for withholding his medication. (*Id.* at 8.) He claims the defendants have violated his "right to medically necessary and humane treatment regardless of the inmates ability to pay privately for medications," and he seeks injunctive relief to include his own medication and reform of the "system," as well as unspecified compensatory and punitive damages. (*Id.* at 6, 11.)

The Eighth Amendment imposes on government the "obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Accordingly, government officials' deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the constitution. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle*, 429 U.S. at 104). The "deliberate

3

indifference" necessary to violate the constitution is a higher standard than negligence and requires that the official know of, and disregard, an excessive risk to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013). Requiring inmates who can afford to do so to pay for medical care is not unconstitutional, but "prison officials may not 'condition provision of needed medical services on an inmate's ability . . . to pay.'" *Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997).

As the court previously predicted (Doc. No. 6 at 5), the plaintiff's allegations state a colorable claim for damages against Dr. Jones under this standard, due to his personal involvement in depriving the plaintiff of medication that was deemed to be medically necessary by two specialists as well as the plaintiff's prior medical history. Moreover, because he alleges that his injuries are the result of TDOC policy, he states a claim for injunctive relief against TDOC officials Parker and Williams in their official capacities, whom he alleges to be responsible for that policy. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Bledsoe Clinical Pharmacy, however, is not a "person" subject to suit under Section 1983. *Gomez v. Pena*, No. 108CV00200OWWDLBPC, 2009 WL 347082, at *5 (E.D. Cal. Feb. 9, 2009), *report and recommendation adopted*, No. 108CV00200OWWDLBPC, 2009 WL 982060 (E.D. Cal. Apr. 9, 2009) ("CSP pharmacy is not a person for purposes of liability under section

1983.").

## II. CONCLUSION

For the reasons explained above, the plaintiff's claim against Bledsoe Clinical Pharmacy is **DISMISSED** for failure to state a claim upon which relief can be granted. The case will proceed on the plaintiff's claim for damages against Dr. Jones in his individual capacity and his claims for injunctive relief against Commissioner Parker and Dr. Williams in their official capacities. The Clerk is **INSTRUCTED** to send the plaintiff service packets (a blank summons and USM 285 form) for Defendants Jones, Parker and Williams. The plaintiff **MUST** complete the service packets and return them to the Clerk's Office within 21 days of the date of receipt of this Order. Upon return of the service packets, **PROCESS SHALL ISSUE** to the remaining defendants. The plaintiff is cautioned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. The court's determination that the amended complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge

5

Case 3:20-cv-00726   Document 8   Filed 12/03/20   Page 5 of 5 PageID #: 96