# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES GREER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:20-cv-00726 |
| | ) Judge Aleta A. Trauger |
| THE TENNESSEE DEPARTMENT OF CORRECTION et al., | ) |
| Defendants. | ) |

## MEMORANDUM

Before the court are defendant Dr. Ernest Jones's Objections (Doc. No. 40) to Magistrate Judge Alistair Newbern's Report and Recommendation ("R&R") (Doc. No. 39), which recommends that Jones's Motion to Dismiss (Doc. No. 25) be denied. For the reasons set forth herein, the court will overrule the objections, adopt the R&R, and deny the Motion to Dismiss.

**I.    PROCEDURAL BACKGROUND**

The claims in this case arise from *pro se* plaintiff James Greer's incarceration at Bledsoe County Correctional Complex in Pikeville, Tennessee. Greer initiated this action by filing a complaint under 42 U.S.C. § 1983 in August 2020. (Doc. No. 1.) In September 2020, he filed a complaint initiating a second action (*Greer v. Jones et al.*, No. 3:20-cv-794), alleging that defendant Jones was deliberately indifferent to his serious medical needs. That case was consolidated with this case. In accordance with the court's directive, Greer thereafter filed an Amended Complaint (Doc. No. 7) combining his claims from both cases. The Amended Complaint is now the operative pleading in this case.

As relevant here, the court screened Greer's Amended Complaint under 28 U.S.C. §

1915(e)(2) and found that it stated a colorable claim against Jones in his individual capacity based on Jones's "personal involvement in depriving [Greer] of medication that was deemed to be medically necessary by two specialists as well as [Greer]'s prior medical history." (Doc. No. 8, at 4.) The matter was referred to the Magistrate Judge to, among other things, "dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B)." (*Id.* at 5.) In the same Order, the court expressly recognized that the finding that the Amended Complaint stated colorable claims for purposes of the initial review under § 1915 did not "preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor [did] it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12." (*Id.*)

Jones returned a Waiver of the Service of Summons in early May 2021, which acknowledged that he had sixty days from April 22, 2021 to file an answer or motion under Rule 12. (Doc. No. 22.) He filed his Motion to Dismiss and supporting Memorandum within sixty days of that date, on June 18, 2021. (Doc. Nos. 25, 26.) On January 18, 2022, the Magistrate Judge issued the R&R recommending that Jones's Motion to Dismiss be denied. Jones has filed timely Objections, supported by a separate Memorandum of Law. (Doc. Nos. 40, 41.)

## II. STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## III. DISCUSSION

Jones objects to the Magistrate Judge's findings in Sections III(A)(2) and (3) of the R&R. In Section III(A)(2), the Magistrate Judge concluded that the plaintiff adequately alleges facts to support a claim of deliberate indifference against Jones, based on Jones's decision to overrule a consulting specialist's recommended treatment and his ordering of a second medical consult instead of immediately prescribing the medication recommended by the first specialist. Jones argues that the Magistrate Judge's conclusion is erroneous because: (1) the plaintiff's allegations, at most, "demonstrate a disagreement with the treatment provided by Dr. Jones" and a "questioning [of] Dr. Jones' medical judgment, which fails to rise to the level of deliberate indifference to a serious medical need" (Doc. No. 41, at 7 (citing *Estelle v. Gamble*, 427 U.S. 97, 107 (1976)); *see also* Doc. No. 26, at 7); and (2) even if Jones's decision to order a second medical consult was in error, "[e]rrors in medical judgment or other negligent behavior do not suffice to establish deliberate indifference" (*id.* (quoting *Crawford v. Bureau of Health Care Servs.*, No. 21-1554, 2022 U.S. App. LEXIS 1095, at *4 (6th Cir. Jan. 13, 2022))).

The court finds no error in the Magistrate Judge's handling of this issue. As the Magistrate Judge explained, for a prisoner plaintiff to establish a deliberate indifference claim against a prison medical provider under 42 U.S.C. § 1983, the plaintiff must allege facts sufficient to show that he had an objectively serious medical need (the "objective component"), and he must "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk" (the "subjective component"). *Phillips v. Roane Cty.*, 534 F.3d 531, 540 (6th Cir. 2008) (citations omitted). Jones's motion does not challenge Greer's allegations that his gastritis and gastric ulcer constitute a sufficiently serious medical need to meet the objective component of his deliberate indifference claim. Jones argues only that

the allegations do not establish the subjective component, as they show only that Jones provided adequate treatment by ordering a second consultation, rather than immediately prescribing the medication recommended by the consulting specialist, because of his concerns about the cancer risks associated with that medication. Jones contends that Greer simply disagrees with Jones's chosen course of treatment.

As the Magistrate Judge stated, however,

> "a prisoner who is needlessly allowed to suffer pain when relief is readily available does have a cause of action against those whose deliberate indifference is the cause of his suffering." [*Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976).] Greer alleges that Jones could have readily provided relief for his gastric pain by prescribing acid-reducing medication and did not do so, resulting in continued pain and weight loss.

(Doc. No. 30, at 12.) Notably, Greer alleges that the delay between the first and second consults was approximately eleven days, during which he apparently received no treatment. (*See* Doc. No. 7, at 8.) The Magistrate Judge also observed that Greer alleges that the purported cancer risk cited by Jones was associated with different medications than the one prescribed for Greer. (*Id.* at 12 n.4.) Taking these factual allegations as true and construing them in the light most favorable to the plaintiff, as required by the standard applicable to motions under Rule 12(b)(6), the court, like the Magistrate Judge, finds that Greer has adequately alleged facts that establish that "Jones subjectively perceived and disregarded a substantial risk of serious harm to Greer by failing to prescribe him acid-reducing medication when [the consulting specialist] recommended that he do so immediately." (*Id.* at 12.) On *de novo* review, the court affirms the Magistrate Judge's finding that the plaintiff has adequately alleged a deliberate indifference claim against defendant Jones.

Jones also asks the court to review Section III(A)(3) of the R&R, in which the Magistrate Judge rejected the defendant's argument that the Tennessee Health Care Liability Act

("THCLA") and its administrative requirements should apply to the plaintiff's § 1983 deliberate indifference claims. (Doc. No. 39, at 13 (citing *Heard v. Parker*, No. 3:17-cv-01248, 2018 WL 6435863, at *9 (M.D. Tenn. Dec. 6, 2018) (Trauger, J.); *Pruitt v. McConnell*, No. 3:13-01003, 2015 WL 632142, at *1 (M.D. Tenn. Feb. 13, 2015) (Sharp, J.)).) In *Heard* and *Pruitt*, the court held that the THCLA did not apply to § 1983 deliberate indifference claims against medical providers, even if a failure to comply with the THCLA would require the dismissal of state medical malpractice claims over which the court would otherwise have supplemental jurisdiction.

Jones argues that the plaintiff's claim sounds entirely in medical negligence, rather than deliberate indifference, as a result of which compliance with the THCLA is required. As set forth above, the court rejects that contention and finds that the plaintiff adequately alleges deliberate indifference in violation of § 1983. Moreover, the Sixth Circuit has recently held that Michigan state-law "affidavit-of-merit and presuit-notice requirements," being procedural rather than substantive, do not apply in diversity medical malpractice actions. *Albright v. Christensen*, No. 21-1046, 2022 WL 278385, at *7 (6th Cir. Jan. 31, 2022). This holding suggests that the similar pre-suit notice and certificate of good faith requirements in the THCLA would also, if directly challenged on this basis, be considered procedural and, therefore, inapplicable to medical malpractice claims brought in federal court. Based on *Albright*, the court finds that, even if the plaintiff's claims sounded only in negligence, they would not be barred by the HCLA.

## IV. CONCLUSION

For the reasons discussed herein, the court will overrule defendant Jones's Objections (Doc. No. 40), accept and adopt the R&R (Doc. No. 39) in its entirety, and deny Jones's Motion to Dismiss (Doc. No. 25).

The court also accepts the Magistrate Judge's recommendation that the Motion to Dismiss (Doc. No. 17) filed by defendants Tony Parker and Kenneth Williams, to which no objections were lodged, be denied.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge