UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES GREER,<br><br>    Plaintiff,<br><br>v.<br><br>M.D. KENNETH WILLIAMS et al.,<br><br>    Defendants. | Case No. 3:20-cv-00726<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Pro se Plaintiff James Greer has filed a motion requesting a telephone conference with the Magistrate Judge and a copy of the rules governing discovery (Doc. No. 59). Greer has also filed a motion requesting relief from discovery requests served on him by Defendant Ernest Jones, M.D. (Doc. No. 62), in which Greer argues that Jones's interrogatories, including subparts, exceed the number permitted under Federal Rule of Civil Procedure 33. The Court construes Greer's motion for relief from discovery (Doc. No. 62) as a motion for a protective order under Federal Rule of Civil Procedure 26.

In response to Greer's motion for a protective order, Jones asserts that his first set of interrogatories complies with the Federal Rules and governing law, that Greer has not shown good cause for a protective order, and that Greer did not confer with Jones before filing his motion as required by the Federal Rules of Civil Procedure and this Court's Local Rules. (Doc. No. 64.) Greer replies that he was unaware of the requirement that the parties confer before filing a discovery motion and that the cost of making copies of his responses to Jones's discovery requests presents a financial burden. (Doc. No. 66.)

I.      **Legal Standard**

The scope of discovery in civil litigation falls within the sound discretion of the trial court. *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008). "Unless otherwise limited by court order," Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Rule 26(c)(1) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding the discovery of certain information. Fed. R. Civ. P. 26(c)(1). The party seeking the protective order bears the burden to show good cause "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)). Trial courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

II.     **Analysis**

Jones's first set of interrogatories consists of eighteen separately numbered questions, several of which contain subparts. (Doc. No. 62). For example, Jones's fifth interrogatory asks Greer to identify each healthcare provider "who saw, examined, treated, or consulted with [him] on or after the date of the alleged incidents giving rise to this litigation" "includ[ing] their name, address, the dates of examination or treatment, and the diagnosis and treatment they provided . . . .". (*Id.* at PageID# 364.) Greer objects that this "is at least a 5 (five) part question . . . ." (*Id.*) It appears that Greer answered Jones's first eight interrogatories, then objected to the remaining interrogatories "because [they] exceed[ ] the number of questions and their parts authorized by the Court Rules." (*Id.* at PageID# 371.)

Rule 33(a) limits each party to twenty-five interrogatories, including discrete subparts, "[u]nless otherwise stipulated or ordered by the court[.]" Fed. R. Civ. P. 33(a)(1); *see also* M.D. Tenn. R. 33.01(b) (number of interrogatories). "Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subject." Fed. R. Civ. P. 33(a) advisory committee's note to 1993 amendment. But questions containing subparts "that focus on one common theme and subject matter are considered to be on[e] question, as are questions that elicit details concerning a common theme." *Taylor v. City of Lavergne*, No. 3:07-0374, 2008 WL 11510398, at *1 (M.D. Tenn. Feb. 15, 2008); *see also* 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2168.1 (3d ed. updated Apr. 2022) (explaining "that an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question," but that "an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purpose of the limitation"). For example, in *Harhara v. Norville*, No. 07-CV-12650, 2007 WL 2897845, at *1 n.3 (E.D. Mich. Sept. 25, 2007), the district court found that "subparts asking about (a) the nature of the employment, (b) the name and address of the employer, (c) the time period of employment and (d) the reason for separation with employment" were sufficiently related to the interrogatory's primary question of whether the defendant was previously employed to constitute a single interrogatory under Rule 33(a). The court made the same finding for an "interrogatory ask[ing] whether [the defendant] was taking prescription medication at the time of the accident, with subparts requesting (a) a description of the medication, (b) the name, address and telephone number of the prescribing doctor, (c) the most recent occasion prior to the accident that such medication was taken and (d) [the defendant]'s opinion regarding whether the medication affected his ability to operate a motor vehicle." *Id.*

Like the interrogatories in *Harhara*, the subparts of Jones's interrogatories seek factual details related to each primary question. (Doc. No. 62.) Because the subparts of each interrogatory are sufficiently related to the main question, they do not constitute discrete interrogatories and do not violate Rule 33(a). Greer's assertion that the copying costs of responding to Jones's discovery requests is overly burdensome likewise does not present a basis for relief. "[A] pro se prisoner in a 42 U.S.C. § 1983 suit is subject to the same terms and conditions as any other civil litigant, including paying for his own discovery costs." *Hammock v. Rogers*, No. 1:17-cv-1939, 2019 WL 651602, at *4 (N.D. Ohio Feb. 15, 2019). This is true even when, as here, the plaintiff has been granted leave to proceed *in forma pauperis*. *See Kean v. Van Dyken*, No. 4:05-CV-64, 2006 WL 374502, at *3 (W.D. Mich. Feb. 16, 2006). Accordingly, Greer's motion for a protective order will be denied.

Because the Court finds that a telephone conference is not necessary to resolve Greer's motion for a protective order, Greer's request for a telephone conference will be denied without prejudice. If other discovery disputes arise, the parties are reminded of their obligation to confer in an attempt to resolve the dispute under Local Rule 37.01(a) before requesting a telephone conference with the Court in accordance with the scheduling order (Doc. No. 44). *See* M.D. Tenn. R. 37.01(a) (good faith attempt at resolution).

### III. Conclusion

The Clerk of Court is DIRECTED to update the docket to reflect that docket entry 62 is Greer's motion for a protective order. That motion (Doc. No. 62) is DENIED.

Greer is ORDERED to provide complete responses to Jones's first set of interrogatories by no later than June 9, 2022.

Greer's motion for a telephone conference and for a copy of the rules governing discovery (Doc. No. 59) is GRANTED IN PART and DENIED IN PART. Greer's request for a telephone

conference is DENIED and his request for a copy of the rules governing discovery is GRANTED. A pro se handbook for prisoner civil rights actions that provides detailed information about the civil litigation process is available on the Court's website and can be found at https://www.tnmd.uscourts.gov/content/pro-se-handbook-prisoner-civil-rights-actions. The Clerk of Court is DIRECTED to provide Greer with pages 48–51 of the handbook, which address the discovery process, with this Memorandum Order.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge