UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES GREER,<br><br>        Plaintiff,<br><br>v.<br><br>M.D. KENNETH WILLIAMS et al.,<br><br>        Defendants. | Case No. 3:20-cv-00726<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

In this action brought under 42 U.S.C. § 1983, pro se Plaintiff James Greer alleges that officials at the Bledsoe County Correctional Complex (BCCX), acting pursuant to Tennessee Department of Correction (TDOC) policy, violated his rights under the Eighth Amendment to the United States Constitution by denying him acid-reducing medication for treatment of gastritis, esophagitis, and bleeding ulcers. (Doc. No. 7.) Greer, who is now confined at the Lois M. DeBerry Special Needs Facility (DSNF), has filed an "addendum" and accompanying exhibits that he describes as "new relevant information" regarding his lack of access to acid-reducing medication at DSNF. (Doc. No. 57, PageID# 329.) Greer also seeks "to compel any and all T.D.O.C. health care providers including . . . Dr. Dean Harless to order acid-reducing medication . . . immediately without further delay or interruption until 90 days past the conclusion of this federal lawsuit." (*Id.* at PageID# 330.)

Defendant Ernest Jones, M.D., has filed a motion to strike Greer's addendum (Doc. No. 60), to which Greer has not responded. Jones argues that Greer improperly filed his addendum without seeking leave to amend his pleadings under Federal Rule of Civil Procedure 15(a) and that, even if Greer had filed a motion to amend, amending the complaint to seek injunctive relief

would be futile. (Doc. No. 61.) While Jones frames this motion as a motion to strike, he has not cited Rule 12(f), which governs motions to strike filed in federal court, or any legal authority applying that rule.[1] Accordingly, Jones's motion to strike (Doc. No. 60) is DENIED.

Although Greer's addendum will not be stricken, the Court finds that the filing does not comply with the Court's procedures for amending or supplementing the pleadings or for seeking a preliminary injunction or temporary restraining order. Accordingly, the Court will not consider it as part of the pleadings in this case.

Greer's addendum cannot serve to amend or supplement the pleadings because Greer has not filed a motion to amend under Rule 15(a). That rule provides that "[a] party may amend its pleading once as a matter of course within" "21 days after serving it, or" "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Greer is not entitled to amend his pleading as a matter of course at this stage of the proceedings. Jones has represented to the Court that he did not consent to Greer's effort to amend the pleadings. (Doc. No. 60.) This Court's Local Rule 15.01(a) requires a plaintiff seeking the Court's leave to amend a pleading to file a

---

[1] Rule 12(f) provides that the Court may, upon a party's motion or sua sponte, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of the motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Engineers Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986)). "Motions to strike are viewed with disfavor and are not frequently granted." *Id.*; *see also Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) ("[T]he action of striking a pleading should be sparingly used by the courts . . . [and] is a drastic remedy to be resorted to only when required for the purposes of justice.").

motion "[d]escrib[ing] the reasons supporting the proposed amendments and the substance of the amendments sought, and includ[ing] as an appended exhibit the signed proposed amended pleading[.]" M.D. Tenn. R. 15.01(a)(1) (supporting papers). The docket shows that Greer did not file a motion for leave to amend. Therefore, his addendum cannot serve to amend the complaint.

To the extent that Greer intended the addendum to serve as a request for immediate injunctive relief, that request is also procedurally improper. Greer's filing it does not comply with the requirements of Federal Rule of Civil Procedure 65 or Local Rule 65.01, which govern applications for preliminary injunctions and temporary restraining orders in this Court. *See* Fed. R. Civ. P. 65; M.D. Tenn. R. 65.01 (applications for temporary restraining order).

Greer's amended complaint (Doc. No. 7) remains the operative pleading in this action.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge